By the Court,

Cowen, J.
The provision in question “sets out by authorizing the trustees to improve the side-wallcs on streets and highways, specifying the kind of improvements which they may bestow; and then gives them power to compel' the owners, &c. on such side-walks, streets and highways, to make such improvements upon said side-walks, streets and highways, as aforesaid, in their front. Were it not for the last words, streets and highways, the power would be most obviously confined to the improvement of the side-walks only. The statute had two objects, viz. 1. To prescribe the kind of improvements, and on what they should be made: in this it is confined to side-walks. 2. To define the persons who, or at whose expense, the improvements should be made ; and they are compellable to make such improvements upon such sidewalks, [streets and highways] as aforesaid. No substantive power is given to improve the streets or highways, which is very singular, if the legislature intended to put them on the same footing with the side-walks. And when they come to designate the persons whom the trustees may compel, the inference is that they would not use such a clause for extending the power of the trustees to a subject perhaps much more important and expensive. The limit as to subject matter and mode of improvement was before defined; < and all they wanted was the means of having such improvements made. Accordingly, they speak of the persons who are bound to make such improvements *79 as aforesaid. Saying, such improvements upon said sidewalks, streets and highways as aforesaid, might, I admit, be plausibly considered an extension of the improvements to a new subject,' if streets and highways were necessarily distinct from the sidewalks ; but the improvements mentioned at the outset, are improvements of those very streets and highways. Improving the side-walks, is improving the streets and highways, and though these latter words may be unnecessary and tautological, yet they may have been intended to be identical with sidewalks. This is more strongly to be inferred when it is said they are all to be improved as aforesaid. The import of the clause primarily intended for providing means, by designating the persons who are to make the improvements, should not be extended beyond its natural compass without clear words. Ambiguity is not enough; and I think we have no more than that at any rate, upon which to build the taxing power claimed by the trustees.
The consideration of former repealed statutes in relation to the village, does not relieve the difficulty; nor can we help the trustees by noticing that the power claimed by them exists in other village charters. We might as well say, that because many villages are incorporated by statute, others shall be deemed incorporated without any statute. We can look only to the particular charter for powers claimed under it whether express or constructive ; and Avhen a power is claimed which, in its exercise, will derogate from individual right, it ought not to be alloAved upon doubtful construction merely, at least not upon ambiguous words, as I think it must be here, if allowed at all. (See Beaty v. Lessee of Knowler, 4 Pet. Rep. 152.)
The judgment below should, therefore, be reversed.
Ordered accordingly